The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts as those reached by the Deputy Commissioner, with some modification. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On or about 28 January 1993, an employer-employee relationship existed between employee-plaintiff and employer-defendant, Concept Plastics, Inc.
3. On or about 11 August 1995, an employer-employee relationship existed between employee-plaintiff and employer-defendant, Guilford County Schools.
4. On the relevant dates in question, employer-defendants Guilford County Schools and Concept Plastics, Inc. employed three or more employees.
5. The employee-plaintiff's average weekly wage is to be determined by a Form 22, Wage Chart.
6. The parties agreed to have certain relevant medical records, employment records and Industrial Commission forms introduced into evidence.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. Plaintiff is a 30 year old male formerly employed by defendant Concept Plastics, Inc. in their shipping and receiving department. On 28 January 1993, plaintiff bent over to pick up a box and felt a "pop" in his back. The injury was accepted as compensable pursuant to a Form 21 Agreement for Compensation, and plaintiff missed approximately twenty days over the following fourteen months due to back pain. Plaintiff was released to return to work at full duty with defendant Concepts Plastics, Inc. on March 2, 1994.
2. As a result of said injury of 28 January 1993, plaintiff received temporary total disability benefits for the period of 29 January 1993 through 13 March 1994. Plaintiff also received temporary partial disability benefits for the period of 14 March 1994 through 3 April 1994.
3. On 4 April 1994, plaintiff voluntarily left his employment with defendant Concept Plastics, Inc. On or about 18 April 1994 plaintiff became employed by defendant Guilford County Schools as a custodian and worked for sixteen months before the alleged incident on 11 August 1995.
4. The Form 21 Agreement for Compensation presumption of continuing disability as to the 28 January 1993 compensable back injury was rebutted by the plaintiff's release to return to work with no restrictions and no permanent functional impairment to his back and his return to work at the same or greater wages for over sixteen months.
5. Plaintiff contends that while working for defendant Guilford County Schools on 11 August 1995, he injured his back while helping a teacher move items from her classroom to a new trailer. Plaintiff did not move any heavy furniture, but he did move boxes and other items with a hand truck. Neither of the two teachers involved in the move saw plaintiff experience any type of accident. Plaintiff did not tell either teacher that he had re-injured his back during the move. Plaintiff sought treatment at an Emergency Room in High Point and was eventually referred to Dr. James E. Nitka, an orthopaedic surgeon in Greensboro.
6. Dr. Nitka testified, and the Full Commission finds, that plaintiff suffers from congenital cracks in his spine known as spondylolysis. The spondylolysis caused degenerative disk disease and a slippage of plaintiff's vertebrae, known as spondylolisthesis, at the L5-S1 vertebral level. The slippage caused a build-up of scar tissue around the area of cracks in his vertebrae, which caused compression of the nerve roots at L5-S1. As a result of this condition, plaintiff has severe back and leg pain.
7. The greater weight of the medical evidence shows that plaintiff developed spondylolysis during his adolescence and the spondylolisthesis developed during plaintiff's adolescence or sometime between adolescence and the time he presented with his complaints of pain.
8. Plaintiff may also have been having pain from a degenerative, bulging disk at the L4-L5 level, directly above his spondylolisthesis. However, there was no significant nerve compression at that level.
9. On 15 March 1996, Dr. Nitka performed surgery on plaintiff for two reasons: (1) to decompress the nerve roots at the L5 level that resulted from the scar tissue, and (2) to perform a fusion because of the decompression. Although not the reason for the surgery, Dr. Nitka included the L4 segment in the fusion as well.
10. Plaintiff tolerated the procedures well. He had not returned to work at the time of the hearing before the Deputy Commissioner.
11. There is insufficient credible evidence of record to prove by the greater weight of the evidence that plaintiff sustained an injury by accident or specific traumatic incident on 11 August 1995.
12. Plaintiff failed to present sufficient expert testimony to prove by the greater weight of the evidence that the surgery, his current back condition and any current disability were causally related to the compensable injury of 28 January 1993.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's back surgery, his current back condition and any current disability were not causally related to the compensable injury of 28 January 1993. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant Guilford County Schools on 11 August 1995. N.C. Gen. Stat. § 97-2(6).
4. Plaintiff is therefore not entitled to any additional benefits pursuant to the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 et seq.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for additional benefits is hereby DENIED.
2. Each side shall pay its own costs.
This the _____ day of June 1998.
 S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ____________________ RENÉE C. RIGGSBEE COMMISSIONER
LKM/jth